## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

ASSURANCE COMPANY OF      )
AMERICA                            )
                                    )
        Plaintiff,          )
                                    )     **CIVIL ACTION NO.**
v.                                )
                                    )     **CV 2010-117**
                                    )
ADMIRAL INSURANCE       )
COMPANY and SCOTTSDALE  )
INSURANCE COMPANY,     )
                                    )
        Defendants.      )

## JOINT NOTICE OF REMOVAL OF CAUSE

**TO:**  Charles R. Diard, Jr.
      United States District Court
      Southern District of Alabama
      Office of the Clerk
      113 St. Joseph Street
      Mobile, Alabama 36602

**PLEASE TAKE NOTICE** that Defendants, Admiral Insurance Company and Scottsdale Insurance Company, the only two defendants in the above matter(hereinafter "Defendants"), file this Notice of Removal of this action from the Circuit Court of Clarke County, Alabama, where it is now pending, to the United States District Court for the Southern District of Alabama, Southern Division, and as grounds therefore states the following:

## PROCEDURAL BACKGROUND

1.     This action was commenced on February 8, 2010, by the filing of the Summons and Complaint in the Circuit Court of Clarke County, Alabama, now

Alabama. In its Complaint, Plaintiff asserts a claim for breach of contract.  Defendant,

Admiral, was served with a Summons and Complaint on February 16, 2010.  The Defendant,

Scottsdale, was served with a Summons and Complaint on February 9, 2010.

2.     True and correct copies of all process, pleadings and orders served by or upon

the Defendants in this case are attached hereto as Exhibit "A."  There are no other process,

pleadings, or orders properly served upon either Defendant in this case.

## DIVERSITY JURISDICTION

3.     This case is properly removable pursuant to 28 U.S.C. § 1441, which provides

in pertinent part as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious shall be disregarded.

> (b)     Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4.     This action is properly removable under 28 U.S.C. § 1441 (a) and (b) because

this United States District Court has original jurisdiction of this case under 28 U.S.C. §

1332(a), as amended, which provides in pertinent part as follows:

> (a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between - -

2

(a)     Citizens of different states....

## DIVERSITY OF CITIZENSHIP OF THE PARTIES

5.      The Defendant, Admiral Insurance Company, is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business is in Cherry Hill, New Jersey, as stated in the Complaint in Paragraph 4. For purposes of diversity, Admiral is a citizen of either Delaware or New Jersey.

6.      Defendant, Scottsdale Insurance Company's principal place of business is in Scottsdale, Arizona (Complaint). Scottsdale is a company organized under the laws of the State of Ohio, with its principal place of business in Scottsdale within the County of Maricopa, Arizona. For the purposes of diversity of citizenship jurisdiction, Scottsdale is a citizen of either Arizona or Ohio.

7.      Plaintiff, Assurance Company of America, is a corporation organized under the laws of the State of New York, with its principal place of business in Schaumburg, Illinois, as stated in the Complaint in Paragraph 3. For purposes of diversity, Assurance is a citizen of either New York or Illinois.

Therefore, based on the face of the Complaint and the allegations contained therein, all the parties to this case are residents of different states, so there is complete diversity..

## AMOUNT IN CONTROVERSY REQUIREMENT EXCEEDED

8.      The Plaintiff, Assurance Company of America, specifically claims in Paragraph 15 that it indemnified Byrd and paid the settlement in the underlying suit, and in addition thereto, paid $82,738.00 in defense costs and expenses in defending Byrd. It now seeks the settlement amounts, plus the $82,738.00 in costs from Scottsdale and Admiral, as well as compensatory and consequential damages, including interest. Therefore, the amount in controversy easily exceeds the $75,000.00 requirement of the Federal Court.

3

9.     Additionally, according to the Complaint, Assurance seeks to recover in addition to the defense costs and expenses, the actual amount paid in settlement. According to an October 5, 2009 letter sent by Assurance's attornneys to Scottsdale Insurance, the amount of the settlement paid was $650,000.00.  (See Letter attached as Exhibit "B"). Therefore, the amount in controversy well exceeds the $75,000.00 requirement.

## PROCEDURAL REQUIREMENTS

10.     This Notice of Removal was filed within 30 days of the service of the Summons and Complaint on the first served defendant.

11.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

12.     Written notice of the filing of this Notice of Removal has been served upon Plaintiff through its counsel of record.  A copy of this Notice of Removal will be filed promptly with the Clerk of the Circuit Court of Clarke County, Alabama. (See Exhibit"C" attached hereto).

13.     Defendants have heretofore sought no similar relief.

14.     Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants pray that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Clarke County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division and if any questions arise as to the propriety of the removal of this action, the Defendants respecfully request the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

/s/ *Tommy C. Ritter, Jr.*
Bert P.  Taylor
Tommy C. Ritter, Jr.

4

**OF COUNSEL FOR DEFENDANT:**
**ADMIRAL INSURANCE COMPANY**
**TAYLOR RITTER, P. C.**
300 Richard Arrington Jr., Blvd. North
600 Title Building
Birmingham, Alabama 35203
Phone: (205) 252-3300
Fax:  (205) 252-3378
bert@taylorritter.com
tritter@taylorritter.com

                                        /s/ *Lara Keahey*
                                        Lara B. Keahey
                                        Allen E. Graham

**OF COUNSEL FOR DEFENDANT:**
**SCOTTSDALE INSURANCE COMPANY**
**LYONS, PIPES & COOK**
P.O. Box 2727
Mobile, Alabama 36652
Phone: (251) 432-4481
Fax: (251) 433-1820
Teeto.Graham@lpclaw.com
Lara..Keahey@lpclaw.com

## CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the above and foregoing pleading has been served upon counsel of record listed below either electronically or  by placing same in the U.S. Mail, properly addressed and postage prepaid on this the 9th  day of March, 2010.

James A. Stewart, Esquire
Kathy R.  Davis, Esquire
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jstewart@carrallison.com
krdavis@carrallison.com

                                        /s/ *Tommy C. Ritter, Jr.*
                                        Of Counsel

# EXHIBIT "A"

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>16-CV-2010-900013.00 |
|---|---|---|

## IN THE CIVIL COURT OF CLARKE, ALABAMA
### ASSURANCE COMPANY OF AMERICA v. ADMIRAL INSURANCE COMPANY ET AL

NOTICE TO  ADMIRAL INSURANCE COMPANY, 1255 CALDWELL ROAD, CHERRY HILL, NJ 08034

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JAMES A. STEWART

WHOSE ADDRESS IS 100 VESTAVIA PARKWAY, BIRMINGHAM, AL 35216

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    ASSURANCE COMPANY OF AMERICA
pursuant to the Alabama Rules of the Civil Procedure

| 2/8/2010 1:12:15 PM | /s JAY DUKE | _ðβ_ |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JAMES A. STEWART

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

_____ in _____ County, Alabama on _____

_____

| Date | Server's Signature |
|---|---|

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>16-CV-2010-900013.00 |

### IN THE CIVIL COURT OF CLARKE, ALABAMA
### ASSURANCE COMPANY OF AMERICA v. ADMIRAL INSURANCE COMPANY ET AL

**NOTICE TO**   SCOTTSDALE INSURANCE COMPANY, 2000 INTERSTATE PARK SUITE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JAMES A. STEWART

WHOSE ADDRESS IS 100 VESTAVIA PARKWAY, BIRMINGHAM, AL 35216

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   ASSURANCE COMPANY OF AMERICA
   pursuant to the Alabama Rules of the Civil Procedure

2/8/2010 1:12:15 PM                    /s JAY DUKE                       _____
Date                                   Clerk/Register                    By

☑ Certified mail is hereby requested    /s JAMES A. STEWART
                                        Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
Date                                   Server's Signature



**AlaFile E-Notice**

16-CV-2010-900013.00

To:  ADMIRAL INSURANCE COMPANY
     1255 CALDWELL ROAD
     CHERRY HILL, NJ 08034

*Rcvd 2/16/10*

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

ASSURANCE COMPANY OF AMERICA v. ADMIRAL INSURANCE COMPANY ET AL
16-CV-2010-900013.00

The following complaint was FILED on 2/8/2010 1:12:15 PM

Notice Date:     2/8/2010 1:12:15 PM

**JAY DUKE**
**CIRCUIT COURT CLERK**
CLARKE COUNTY, ALABAMA
117 COURT STREET
GROVE HILL, AL 36451

251-275-3363
jay.duke@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**16-CV-201**<br>Date of Filing:<br>02/08/2010 | ELECTRONICALLY FILED<br>2/8/2010 1:12 PM<br>CV-2010-900013.00<br>CIRCUIT COURT OF<br>CLARKE COUNTY, ALABAMA<br>JAY DUKE, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF CLARKE COUNTY, ALABAMA
### ASSURANCE COMPANY OF AMERICA v. ADMIRAL INSURANCE COMPANY ET AL

**First Plaintiff:** ☑ Business ☐ Individual  **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other  ☐ Government ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT  _____

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  STE165    2/8/2010 1:11:14 PM    /s JAMES A. STEWART

**MEDIATION REQUESTED:**   ☐ Yes ☐ No ☑ Undecided

ELECTRONICALLY FILED
2/8/2010 1:42 PM
CV-2010-900013.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
JAY DUKE, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| Assurance Company of America,<br>as subrogee of Byrd Homes, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV10- _____ |
| | ) | |
| Admiral Insurance Company and<br>Scottsdale Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |

---

### COMPLAINT

---

**COMES NOW** the Plaintiff, Assurance Company of America, (hereinafter referred to as "Assurance"), as subrogee of Byrd Homes, Inc., by and through the undersigned counsel in the above-referenced matter, for its complaint against Defendants, Admiral Insurance Company and Scottsdale Insurance Company. In support thereof, Plaintiff would submit the following:

### NATURE OF ACTION

1.      This is an action for breach of contract. Plaintiff Assurance, as subrogee of Byrd Homes, Inc. ("Byrd"), sought liability insurance contribution for underlying claims against Byrd alleged property damage and bodily injury allegedly caused by a home Byrd constructed as a general contractor. "Liability insurer which, without justification, refuses to defend insured, is thereupon guilty of breach of contract, and is liable for judgment incurred against insured, and for all reasonable expenses and costs of court incurred in defense of action." *State Farm Mut. Auto. Ins. Co. v. General Mut. Ins. Co.*, 282 Ala. 212, 210 So.2d 688 (Ala. 1968), citing *Bankson v. Accident & Cas. Co., 244 Ala. 371, 13 So.2d 398*; *49 A.L.R.2d 694*; 5A Am.Jur. 122, 120. "[I]f, the indemnitor has been given notice of the action against the indemnitee and has been given an opportunity to defend or to settle the action, then the indemnitor "is precluded from contesting the indemnitee's liability in a subsequent indemnity or third-party action." *Watts v. Talladega Fed. Sav.*

*& Loan Ass'n*, 445 So. 2d 316, 320 (Ala. Civ. App. 1984).  Assurance seeks monetary damages and other relief caused by the breaches by defendant insurers of their contractual obligations to indemnify Byrd for defense and indemnity costs incurred in connection with the underlying claims.

## PARTIES

3.      Plaintiff, Assurance, is a corporation organized under the laws of the State of New York with its principal offices located in Schaumburg, Illinois.  Plaintiff Assurance is licensed to transact business in Alabama and is engaged in the business of insurance.

4.      Defendant Admiral Insurance Company (hereinafter referred to as "Admiral") is a corporation organized under the laws of the state of New Jersey with its principal place of business in Cherry Hill, New Jersey.   Admiral is qualified to conduct business in the state of Alabama and is engaged in the business of insurance.

5.      Defendant Scottsdale Insurance Company (hereinafter referred to as 'Scottsdale") is a corporation organized under the laws of the state of Arizona with its principal place of business in Scottsdale, Arizona.  Scottsdale is qualified to conduct business in the state of Alabama and is engaged in the business of insurance.

## VENUE AND JURISDICTION

6.      Pursuant to § 6-3-7 of the *Code of Alabama* (1975), venue is appropriate in the Circuit Court of Clarke County, Alabama as the litigation giving rise to the claim occurred in Clarke County, Alabama, the construction and real property that is the subject of the litigation is in  Clarke County, Alabama, and/or Defendants do business by agent in Clarke County, Alabama.

7.      The Circuit Court of Clarke County, Alabama has jurisdiction over this matter as the amount in controversy lies within the jurisdictional limits for circuit courts in the state of Alabama.

## CONSTRUCTION RELATED LITIGATION AND POLICIES OF INSURANCE

8.      On or about April 16, 2003, Byrd was named as a defendant in an action brought

in the Circuit Court of Clarke County, Alabama styled Lester Charles Welch v. Byrd Homes, Inc., civil action number CV-03-83 ("Welch Suit").   Plaintiff in the Welch suit alleged Byrd was responsible for property damage in the home constructed and completed by Byrd.

9.      From 1992 through October 13, 2000, Byrd, for valuable consideration, purchased insurance from Assurance, Admiral and Scottsdale against certain liabilities, including liabilities stemming for home construction, pursuant to primary, excess and/or umbrella liability insurance policies.  Specifically, Assurance insured Byrd Homes, Inc. from May 11, 1992, through May 11, 1999; Scottsdale insured Byrd Homes, Inc. from May 11, 1999, through October 13, 1999; Admiral insured Byrd Homes, Inc. from October 13, 1999, through October 13, 2000.

10.     Scottsdale was placed on notice of the claim by International Assurance, Inc. on September 27, 2002.  Scottsdale initially agreed to provide a defense for Byrd.  Soon thereafter, however, Scottsdale denied indemnity coverage for the claims on May 12, 2003 and declined to participate in the defense of Byrd.  Upon information and belief, the policy Byrd purchased from Scottsdale specifically covered, and was purchased to provide indemnification and defense for Byrd in the Welch suit.

11.     Admiral was placed on notice of the claim by International Assurance, Inc. on September 27, 2002 and declined to indemnify or participate in the defense of Byrd.  Upon information and belief, the policy Byrd purchased from Admiral specifically covered, and was purchased to provide indemnification and defense for Byrd in the Welch suit.

12.     All conditions and requirements imposed by the policies upon Byrd, including payment of premiums and notices of claims, were satisfied.

13.     Assurance sent correspondence to Admiral and Scottsdale on September 22, 2006, requesting the insurers provide coverage benefits to Byrd for the Welch Suit.  Scotttsdale rejected Assurance's request and Admiral failed to respond to Assurance's request.

14.     The Welch suit settled on the day of trial on August 4, 2008, and a confidential settlement agreement between Welch and Byrd was executed on September 10, 2008.

15.     Assurance indemnified Byrd and paid the Welch Suit settlement and also paid $82,738.00 in defense cost and expenses in defending Byrd.

16.     Assurance became subrogated to the rights of Byrd by defending Byrd in the Welch Suit and paying the above described settlement.

17.     Assurance, as subrogee of Byrd, has demanded Admiral and Scottsdale reimburse it for the amounts Assurance paid to indemnify Byrd and the amounts it paid to provide Byrd with a defense.  Admiral and Scottsdale have rejected these demands.

## COUNT ONE - BREACH OF INSURANCE CONTRACTS BY DEFENDANT INSURERS

_____18.     Plaintiff Assurance adopts and realleges the allegations of paragraphs 1 through 17 as though fully set forth herein.

_____19.     Pursuant to terms of the policies, and as provided by law, Defendant insurers were obligated to pay all sums for which Byrd was liable, through settlement or otherwise, because of the construction related property damage alleged or shown to have occurred, in whole or in part, during any one of the insurers' policy periods.  Such obligation of Assurance and defendant insurers to make full payment to or on behalf of Byrd (hereafter, "the duty to indemnify") was subject only to the underlying and/or upper limits of liability expressly and unambiguously stated in the Policies.

20.     Pursuant to terms of the Policies, and as provided by law, Defendant insurers were obligated to defend Byrd and/or to pay defense related costs, including attorneys' fees and supplemental expenses, with respect to any claims of construction related property damage that were potentially within Defendant insurers' duty to indemnify.  Such obligations of Defendant insurers duty to defend and/or pay defense-related costs (hereafter, "the duty to defend") applied

Page 4 of  6

unless the allegations of the underlying Welch action against Byrd clearly precluded any possibility that any part of the damage claimed in that action could have occurred during any one of defendant insurers' policy periods.  Defendant insurers' duty to defend was subject only to the underlying and/or upper limits of liability in the Policies that expressly and unambiguously apply to the duty to defend.

21.     Defendant insurers breached their contracts of insurance by failing or declining to provide coverage benefits to Byrd for the Welch litigation.

22.     Defendant insurers breached their contracts of insurance by failing or declining to pay or reimburse the losses incurred by Assurance for the claims asserted in the Welch litigation.

23.     As a direct and proximate result of defendant insurers' breaches of their contracts of insurance, Byrd was deprived of the benefits of its liability insurance coverage for which substantial premiums were paid.  By depriving Byrd of its insurance coverage, defendant insurers directly damaged Assurance by forcing it to make expenditures that should have been borne by defendant insurers. Plaintiff Assurance incurred substantial financial losses in the investigation, indemnification and defense of Byrd in the Welch litigation.  Assurance was forced to pay $82,738.00 for the defense of Byrd and to settle the claims against Byrd.

24.     Further, as a result of such breaches of contract, Assurance has been forced to incur and will continue to incur additional, reasonably foreseeable, consequential damages, including, but not limited to, the cost of attorneys ' fees and other expenses in prosecuting this action, lost executive time, and the lost earnings on amounts paid by Assurance and wrongfully withheld by defendant insurers.

WHEREFORE, Assurance requests this Court enter a judgment awarding Assurance:

1.     Actual compensatory and consequential damages sustained by Assurance as a result of the breaches of contract by defendant insurers, plus interest according to law, in amounts

to be established through proof at trial.

      2      Such other relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,


/s/ James A. Stewart
Kathy R. Davis (DAV134)
James A. Stewart (STE165)
Attorneys for Plaintiff

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057


**PLEASE SERVE THE FOLLOWING DEFENDANTS BY CERTIFIED MAIL:**

Admiral Insurance Company
c/o Daniel A. McDonald
1255 Caldwell Road
Cherry Hill, New Jersey 08034-3224

Scottsdale Insurance Company
c/o The Corporation Company
2000 Interstate Park
Suite 204
Montgomery, Alabama 36109

# EXHIBIT "B"



**CARR ALLISON**

100 Vestavia Parkway
Birmingham, Alabama 35216
Phone (205) 822-2006
Fax (205) 822-2057
www.carrallison.com

James A. Stewart, Esq.
(205) 949-2920
jstewart@carrallison.com

October 5, 2009

Mr. Steve Nimrosky
Scottsdale Insurance Company
Post Office Box 4110
Scottsdale, Arizona 85261

> RE:   **Lester Charles Welch v. Byrd Homes, Inc., et al**
>       **Insured:**      **Byrd Homes, Inc.**
>       **Claimant:**    **Lester Welch**
>       **Your Claim #:**  **815229-50**

Dear Mr. Nimrosky:

This firm represents Zurich North American ("Zurich") regarding the lawsuit Mr. Charles Welch filed against Byrd Homes, Inc., et al. in the in the Circuit Court for Clarke, County, Alabama on April 23, 2003.  Mr. Welch settled his case against Byrd Homes, Inc. and executed a settlement agreement and release in the amount of $650,000.00 on September 10, 2008.  In defending Byrd Homes, Inc., Zurich incurred $82,738.00 in defense cost and expenses.

Scottsdale Insurance ("Scottsdale") insured Byrd Homes, Inc. from May 11, 1999, through October 13, 1999 under Policy of insurance, #OPS0010513.  Scottsdale was placed on notice of the claim by Mr. Welch on September 27, 2002 from International Assurance Inc. and  denied indemnity coverage for the claims on May 12, 2003.  (See Exhibit 1).  Scottsdale declined to participate in the defense of its' insured, Byrd Homes, Inc..  It is Zurich's position Scottsdale's policy provided for indemnification and defense for Byrd Homes, Inc. and we are requesting Scottsdale reimburse Zurich the defense cost and expenses incurred defending Byrd Homes, Inc. in the lawsuit.

Zurich has issued authority to proceed with formal subrogation proceedings within the next thirty (30) days in the event Scottsdale continues to deny coverage for the above styled action.

**Birmingham** □ **Dothan** □ **Florence** □ **Gulfport** □ **Mobile** □ **Tallahassee**   **USLAW** NETWORK, INC.

Mr. Steve Nimerosky
October 5, 2009
Page 2

Please contact me immediately to discuss this matter. I trust you will give this matter your immediate attention.

Very truly yours,

James A. Stewart

JAS/mmw
Enclosures

cc:     Kathy Davis, Esq.
        Robert Muenchrath

# EXHIBIT "C"

ELECTRONICALLY FILED
9/9/2010 1:49 PM
CV-2010-900013.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
JAY DUKE, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| ASSURANCE COMPANY OF AMERICA | ) ) ) | |
| PLAINTIFF, | ) ) | |
| vs. | ) ) | CIVIL ACTION NUMBER |
| ADMIRAL INSURANCE COMPANY and SCOTTSDALE INSURANCE COMPANY, | ) ) ) ) | CV10-900013 |
| DEFENDANTS | ) ) | |

### NOTICE OF FILING NOTICE OF REMOVAL

TO:    Jay Duke, Clerk
Circuit Court of Clarke County, Alabama
117 Court Street
Grove Hill, Alabama 36451

NOTICE is hereby given that pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, and 28 U.S.C. § 1332, Defendants, Admiral Insurance Company and Scottsdale Insurance Company, have on this the 9th day of March, 2010, filed in the Untied States District Court for the Southern District of Alabama, Southern Division, the Notice of Removal to remove Civil Action No. CV10-900013 from the Circuit Court of Clarke County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division. A copy of the Notice of Removal is attached hereto.

/s/ Tommy C. Ritter, Jr.
Bert P. Taylor
Tommy C. Ritter, Jr.

**OF COUNSEL FOR DEFENDANT:**
**ADMIRAL INSURANCE COMPANY**
**TAYLOR RITTER, P. C.**
300 Richard Arrington Jr., Blvd. North
600 Title Building
Birmingham, Alabama 35203
Phone: (205) 252-3300
Fax: (205) 252-3378
bert@taylorritter.com
tritter@taylorritter.com

/s/ Lara Keahey
Lara B. Keahey
Allen E. Graham

**OF COUNSEL FOR DEFENDANT:**
**SCOTTSDALE INSURANCE COMPANY**
**LYONS, PIPES & COOK**
P.O. Box 2727
Mobile, Alabama 36652
Phone: (251) 432-4481
Fax: (251) 433-1820
Teeto.Graham@lpclaw.com
Lara..Keahey@lpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been served upon counsel of record listed below either electronically or by placing same in the U.S. Mail, properly addressed and postage prepaid on this the 9th day of March, 2010.

James A. Stewart, Esquire
Kathy R. Davis, Esquire
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jstewart@carrallison.com
krdavis@carrallison.com

/s/ Tommy C. Ritter, Jr.
Of Counsel

2