# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:10-CV-00117-CG-C ) |
| ADMIRAL INSURANCE COMPANY and SCOTTSDALE INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT SCOTTSDALE'S REPLY TO PLAINTIFF'S OPPOSITION TO SCOTTSDALE'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Assurance Company of America ("Assurance"), and without waiving any of the aforementioned arguments and statements of undisputed facts, submits a Sur-Reply to Defendant Scottsdale's Reply to Plaintiff's Opposition to Defendants' Motions for Summary Judgment as follows:

1. Scottsdale asserts it is undisputed sub-contractors were not involved in this project. Page 16 of Byrd's underlying testimony, cited and submitted with

Plaintiff's Opposition, clearly states Byrd, as the general contractor, was in charge of "subbing out work." (See Exhibit C to Plaintiff's Opposition, Byrd Dep. 16:15-20) Pages 20-21, cited in Plaintiff's opposition but inadvertentlyy omitted and attached herewith as Exhibit A, further indicate Mr. Weaver (Mr. Byrd's construction supervisor) merely supervised or "touched up work" but was not a plumbing guy or electrical guy or any type of subcontractor. (Byrd Dep. 20:2-21:3). Thus, it is disputed, not undisputed, as to whether subcontractors were used on this project.

2.   Scottsdale further contends Assurance distorted the underlying testimony indicating when the damage occurred. Welch testified he first noticed problems a year or two years after he closed on the home. (See Exhibit F attached to Plaintiff's Opposition, Welch Dep. 70:1-9). Byrd testified he did not hear from Welch until "over two years" after he completed construction on the home. (See Exhibit C attached to Plaintiff's Opposition Byrd Dep. 35:22-36:1, 43:7-14). Welch closed on the home in October 1997. (See Exhibit F attached to Plaintiff's Opposition, Welch Dep. 70:1-9). Again, it is obviously disputed, not undisputed, as to when the "damage" occurred.

3.   Without rearguing the grounds and damage claims asserted in Plaintiff's

complaint and Plaintiff's opposition to Scottsdale's motion for summary judgment, Scottsdale essentially contends this Court cannot award Plaintiff damages in this case because "[a] claim for subrogation has been permitted by Alabama Courts <u>only</u> in cases between concurrent policies..." Because there is not a case from the Alabama Supreme Court where an insurer is seeking subrogation among successive polices does not mean Assurance is not permitted to seek subrogation in this matter. This is especially true since the Alabama Supreme Court ruled in a declaratory judgment action that when two or more insurers provide liability coverage subsequent or successive to one another and there is a dispute as to when the property damage occurred, summary judgment is inappropriate. *Mut. Fire, Marine & Inland ins. Co. v. Safeco Ins. Co.*, 473 So. 2d 1012 (Ala. 1985)

5.      Indeed, in *Mut. Fire, Marine & Inland ins. Co. v. Safeco Ins. Co.*, 473 So. 2d 1012 (Ala. 1985), one insurer denied coverage, stating that damage did not occur within its policy period because reports showed that no termites were present during their policy period. An infestation of termites was found during another policy period. The homeowner alleged that the reports were negligently prepared, and the damage may have occurred sooner. This created a genuine issue of fact, and summary

judgment was reversed. *Id.* 1014.

6.     Here, it is undisputed Assurance insured Byrd Homes, Inc. from May 11, 1992, through May 11, 1999; Scottsdale insured Byrd Homes, Inc. from May 11, 1999, through October 13, 1999; Admiral insured Byrd Homes, Inc. from October 13, 1999, through October 13, 2000. Assurance instigated this matter seeking subrogation from each Defendant insurer because Assurance defended and indemnified Byrd Homes, Inc. in the underlying action without any contribution from either Defendant insurer, even though Assurance's policy ended in May 1999 and Assurance requested Admiral and Scottsdale to do so. In other words, contrary to Scottsdale's position, Assurance clearly asserted and made a showing it made payments that should have been made by Scottsdale. For the very same reason the Alabama Supreme Court denied summary judgment in *Mut. Fire, Marine & Inland ins. Co.,* there is a factual dispute as to whether the property damage occurred within Scottsdale's or Admiral's policy periods and Scottsdale's Motion for Summary Judgment is due to be denied.

                Respectfully submitted,

                /s/ James A. Stewart

        KATHY R. DAVIS (ASB-6173-A26K)
        JAMES A. STEWART (ASB-6201-E64S)
        Attorneys for Plaintiff, Assurance Company of America

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35126
Telephone: (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2011, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Bert P. Taylor
Tommy C. Ritter, Jr.
TAYLOR RITTER, P.C.
300 Richard Arrington Jr Blvd. N
600 Title Building
Birmingham, Alabama 35203

Lara Keahey
Allen E. Graham
PHELPS DUNBAR LLP
Post Office Box 345
Grove Hill, Alabama 36451-0345

/s/ James A. Stewart
Of Counsel